IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02040-CMA-BNB

CITIMORTGAGE, INC., a New York corporation,

Plaintiff,

v.

AMERICAN TITLE SERVICES COMPANY, a Colorado corporation,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **CitiMortgage, Inc.'s Rule 12(f) Motion to Strike Certain of American Title Service Company's Affirmative Defenses** [Doc. # 8, filed 09/22/2011][1] (the "Motion to Strike").  I respectfully recommend that the Motion to Strike be DENIED.

CitiMortgage seeks an order striking American Title's 12th, 13th, 14th, and 18th affirmative defenses as insufficient as a matter of law.  Under these circumstances, "[a] motion to strike an affirmative defense as insufficient is adjudicated under the same standard as a motion to dismiss: namely, the Court must strike the defense only if it cannot be maintained under any set of circumstances."  SEC v. Nacchio, 438 F. Supp. 2d 1266, 1287 (D.Colo. 2006).  Nonetheless, "[m]otions to strike a defense as insufficient are not favored by the federal courts," and courts "are very reluctant to determine disputed or substantial issues of law on a motion to strike," preferring instead to allow "further development by way of discovery and a hearing on

---

[1] The Motion to Strike was referred to me on December 16, 2011.

the merits, either on a summary judgment motion or at trial." 5C Wright 7 Miller Federal Practice and Procedure Civil 3d §1381 at pp. 421 , 424-25.

American Title's 12th affirmative defense is that "[p]laintiff's claims are barred by its failure to bid at least fair market value for the subject real property at its foreclosure sale." *Defendant American Title Services Company's Answer to Complaint and Jury Demand* [Doc. #7] (the "Answer"), p. 7, ¶ 12. The affirmative defense finds its root in section 38-38-106(6), C.R.S., which provides:

> The holder of the evidence of debt or the attorney for the holder shall bid at least the holder's good faith estimate of the fair market value of the property being sold, less the amount of unpaid real property taxes and all amounts secured by liens against the property being sold that are senior to the deed of trust or other lien being foreclosed and less the estimated reasonable costs and expenses of holding, marketing, and selling the property, net of income received; except that the holder or the attorney for the holder need not bid more than the total amount due to the holder as specified in the bid pursuant to subsection (2) of this section. The failure of the holder to bid the amount required by this subsection (6) shall not affect the validity of the sale but **may be raised as a defense by any person sued on a deficiency**.

(Emphasis added.)

American Title asserts that there is evidence that CitiMortgage bid less than its "good faith estimate of the fair market value of the property," which may limit the damages recoverable against American Title. CitiMortgage responds that it is not suing American Title "on a deficiency," although the measure of its claimed damages are equal to the amount of any deficiency. CitiMortgage relies principally on the Colorado Court of Appeals decision First Interstate Bank v. Colcott Partners IV, 833 P.2d 876 (Colo. App. 1992).

In First Interstate, the question was whether a contract to guaranty repayment of a loan was subject to a limitation contained in the promissory note. The note provided that collection against the maker was "restricted to foreclosure against the property only and the maker could not be sued for any deficiency. . . ." The guaranty contained no such limitation. The court of appeals affirmed the trial court's interpretation of the contracts and held:

> By the terms of his guaranty, Hofer [the guarantor] became liable for the payment of the note's balance when it became due according to its terms, i.e., when Colcott [the maker] defaulted on its payment. His undertaking was absolute and unconditional and required no further steps to be taken by plaintiff before it could look to the guarantor for payment.

Id. at 878.

First Interstate involved construction of a contract; it did not involve the application of section 38-38-106(6), C.R.S. Thus, First Interstate is easily distinguished from the facts alleged here and, in view of this distinction, it provides no guidance. Section 38-38-106(6) is phrased in terms of protecting "any person sued on a deficiency," which is the measure of damages sought here. The statute is intended to prevent a windfall based on an intentionally low bid by a creditor. American Title's 12th affirmative defense is addressed to fulfilling that purpose. Therefore, the plaintiff's motion to strike the defense should be denied.

American Title's 13th affirmative defense states that "[p]laintiff's claims are barred by the intervening event of the foreclosure of the subject real property." *Answer*, p. 7, ¶ 13. American Title claims that "[a]t a minium, the December 2009 foreclosure sale was a material event subsequent to [American Title's] February 2008 involvement, and the parties dispute whether the foreclosure caused some or all of CitiMortgage's loan losses." *Defendant American Title Services Company's Response* . . . . [Doc. #14] (the "Response"), p. 8. Because motions to

strike defenses are not favored and generally are not granted where there are disputed or substantial issues of law or fact, the plaintiff's motion to strike American Title's 13th affirmative defense should be denied.

American Title's 14th affirmative defense states that the "[p]laintiff's claims are barred by its assumption of risks, including but not limited to, of lending without conducting reasonably sufficient due diligence, review or analysis of its borrowers' income, assets, ability to repay or good funds to close or of loan closing documents." *Response*, p. 8, ¶ 14.  The 18th defense states that "[t]he negligence of the Plaintiff was equal to or greater than the alleged negligence of Defendant American Title Services Company, . . . therefore, the recovery sought herein must be eliminated or proportionately reduced on a comparative basis in accordance with the law." Id. at ¶ 18.

The plaintiff asserts two claims against American Title: (1) breach of contract, and (2) negligent misrepresentation. *Complaint*, pp. 7-8.  Relying on Robinson v. Poudre Valley Fed. Credit Union, 654 P.2d 861, 861 (Colo. App. 1982) ("Robinson I"), and Robinson v. Poudre Valley Fed. Credit Union, 680 P.2d 241, 242 (Colo. App. 1984) ("Robinson II"), the plaintiff argues that defenses 14 and 18 should be stricken because "American Title - as a matter of law - may only raise unreasonable reliance [on the misrepresentations] as an affirmative defense to [the plaintiff's] claim of negligent misrepresentation." *Motion*, p. 8.

I do not read the Robinson cases so narrowly.  In Robinson I, the court stated that "contributory negligence principles apply to the recipient of a negligent misrepresentation. . . . [Plaintiff] can recover only if his negligence was not as great as the [defendant's]." Robinson I, 654 P.2d at 863 (internal quotations omitted).  In Robinson II, the court stated that "[a]s in other

comparative negligence cases, the recipient of a negligent misrepresentation is held to the standard of care, knowledge, intelligence, and judgment of a reasonable person under the circumstances.' Robinson II, 680 P.2d at 243. These cases do not preclude American Title from asserting defenses 14 and 18 to the plaintiff's negligent misrepresentation claim. Accordingly,

I respectfully RECOMMENDED that the Motion to Strike [Doc. # 8] be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 27, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge