IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02040-CMA-BNB

CITIMORTGAGE, INC., a New York corporation,

Plaintiff,

v.

AMERICAN TITLE SERVICES COMPANY, a Colorado corporation,

Defendant.
_____

**ORDER AND
ORDER TO SHOW CAUSE**
_____

This matter arises on **Defendant American Title Services Company's Motion to Amend Scheduling Order to Re-Open the Deposition of Plaintiff CitiMortgage, Inc.'s Rule 30(b)(6) Representative** [Doc. # 43, filed 5/4/2012] (the "Motion to Reopen"). I held a hearing on the Motion to Reopen and made rulings on the record, which are incorporated. The Motion to Reopen is GRANTED.

CitiMortgage alleged in its Complaint:

> Documents CMI obtained from American Title after the foreclosure show that third party Christopher Dilapo provided $200,000 of the Borrower's down payment. Not coincidentally, Mr. Dilapo is the registered agent of Choice Capital Group; the same entity to which American Title disbursed a $208,000 "courtesy payment" as part of its closing and settlement of the subject transaction. At no time did American Title disclose to CMI any detail as to the bases for this "courtesy payment."

Complaint [Doc. # 1] at ¶26. CitiMortgage continued in this assertion consistently throughout the litigation in connection with the Scheduling Order [Doc. # 11] and responses to written

discovery. See Response Exh. A [Doc. # 46-1]. Finally, at the Rule 30(b)(6) deposition of CitiMortgage, its representative admitted that "the 'courtesy payment' was on a HUD-1 CitiMortgage had approved (that same HUD-1 received on February 13, 2008), notwithstanding its previous discovery response to the contrary," Response [Doc. #46] at ¶6(a)(iii), and that "at the time CitiMortgage gave American Title the approval to fund, it had in its possession the HUD-1 showing the 'courtesy payment' to Choice Capital." Id. at ¶6(a)(v). The only explanation for this important change in position offered by CitiMortgage is this:

> And it's a simple case of the person who completed--or provided knowledge on those did not have access to CitiWorks [a CitiMortgage database] to verify that we did in fact have a HUD in there February 13 showing--February 13, 2008, showing the payment.

Id. at ¶6(a)(vi).

Although CitiMortgage was aware of its mistake by at least April 13, 2012, five days before the Rule 30(b)(6) deposition, and had authorized its attorneys to make a supplemental disclosure correcting the error, the supplemental disclosure was not made until minutes after the conclusion of the Rule 30(b)(6) deposition of the CitiMortgage representative. I find that this constitutes good cause both to extend the discovery cut-off solely to allow the Rule 30(b)(6) deposition to be reopened and to reopen that deposition.

Rule 26(g)(1), Fed. R. Civ. P., requires that every discovery response must be signed by at least one attorney of record in the attorney's own name. By signing, an attorney certifies that to the best of his or her knowledge, information, and belief formed after reasonable inquiry the discovery response is consistent with the requirements of the federal rules. Id. In addition, Rule 33(b)(1), Fed. R. Civ. P., requires that interrogatories directed to a corporate party must be

answered by an agent of the corporation "who must furnish the information available to the party." Finally, Rule 26(g)(3) provides:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

It is difficult to understand how CitiMortgage could proceed for eight months through this litigation, repeatedly making the important assertion that American Title had failed to disclose to CitiMortgage the existence of the "courtesy payment" of $208,000, while relying on an investigation of a person who did not have access to an important database that clearly showed the assertion to be wrong. Such an investigation, at least on the surface, does not appear to constitute a "reasonable inquiry" as required under Rule 26(g)(1), and the incorrect discovery responses disclaiming knowledge of the February 13, 2008, HUD-1 appear to fail to meet the requirement of Rule 33(b)(1) that interrogatories be answered by an agent furnishing "the information available to the party."

IT IS ORDERED:

(1)   The Motion to Reopen [Doc. # 43] is GRANTED;

(2)   The discovery cut-off is extended to and including June 22, 2012, solely to allow the defendant to reopen the Rule 30(b)(6) deposition of CitiMortgage;

(3)   The reopened deposition shall occur in Denver, Colorado, at a date, time, and place as the parties may agree, and shall extend for not more than three additional hours; and

(4)     CitiMortgage and its counsel shall show cause, if any there be, in writing and on or before June 1, 2012, why they, or either of them, should not be sanctioned for failure to comply with the requirements of Rules 26(g)(1) and 33(b)(1), Fed. R. Civ. P.

Dated May 18, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge